*10 Opinion of the Court, by
Judge Sebastian.
IT is not contended in this case, that a court of chancery has not the power of appointing auditors to adjust and liquidate unsettled accounts between the parties litigant; but that in the present instance, the appointment, though stated to be by the consent of the parties, is premature, inasmuch as no interlocutory decree, containing the principles on which the accounts should have been settled, had been pronounced. But, if the consent of the parties is sufficient to remove the error arising from a premature appointment of the Auditors, yet the powers exercised by them having exceeded those given by the court, which were simply “ to *11 state and settle the accounts in difference and make report thereof,” must, so far at least as they have exceeded their powers, be erroneous.
It appears by the report of the Auditors, that they considered themselves as referees or arbitrators, and have, instead of simply reporting the statement and settlement of the accounts in difference, given an opinion that the complainant, Nathaniel Saunders, is justly indebted to the executors of Hugh Saunders, deceased, the sum of £86 9s. 9 1-4 Kentucky currency, which they do award the said Nathaniel to pay, with legal interest from the date of the award. Upon this award, though none of the requisitions of the law respecting arbitrators appear to have been complied with, the court below entered up a final decree against the complainant, Nathaniel Saunders, and not upon the proofs and exhibits in the cause.
For these reasons, this court is of opinion that the decree herein pronounced is erroneous, and do therefore reverse the same with costs, and order that the cause be remanded, proceedings to commence at that stage of the cause where Auditors were appointed.